UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ENRIQUE DUCHESNE, ANTHONY ORTEZA, and JAYLN BARNETT<br><br>Plaintiffs<br><br>v.<br><br>SHERIFF JOSEPH LOMBARDO and CLARK COUNTY DETENTION CENTER<br><br>Defendants | Case No. 2:21-cv-02126-GMN-EJY<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiffs Enrique Duchesne, Anthony Orteza, and Jayln Barnett bring this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that they claim to have suffered while incarcerated or detained at Clark County Detention Center (ECF No. 1-1). On March 21, 2022, this Court ordered Plaintiffs to file an amended complaint by April 19, 2022. (ECF No. 3 at 15–16). The Court also ordered each Plaintiff to either pay the full $402 filing fee for a civil action or file a complete application to proceed *in forma pauperis* and supporting financial documents by the same deadline. (*Id.* at 14–15). The Court warned Plaintiffs that this action could be dismissed if they failed to file an amended complaint and cure the deficiencies of the filing fee by that deadline. (*Id.* at 16). That deadline expired and Plaintiffs did not file an amended complaint or cure the deficiencies of the filing fee, move for an extension, or otherwise respond. And the Court's mail to Duchesne is being returned as undeliverable. (ECF No. 4).

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiffs' claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

unless Plaintiffs file an amended complaint, and this Court cannot operate without collecting reasonable fees, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint and either pay the full filing fee or file complete applications to proceed *in forma pauperis* in compliance with this Court's March 21, 2022, order, and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiffs wish to pursue their claims, each must file a complaint in a new case.

DATED THIS 25 day of April 2022.

Gloria M. Navarro, Judge
United States District Court